

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,
v.
Andre Videau_____, Defendant.

Case Number CR 12-00820 EMC

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on December 14, 2012. Defendant was present, represented by his attorney AFPD Elizabeth Falk. The United States was represented by Assistant U.S. Attorney Deborah Douglas.

**PART I. PRESUMPTIONS APPLICABLE**
/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.
/ / There is probable cause based upon the indictment to believe that the defendant has committed an offense
    A.  __  for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
    B.  __  under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.
/ X / No presumption applies.

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**
/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.
/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .
Thus, the burden of proof shifts back to the United States.

**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A

**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**
/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report, which was not objected to by either party. Considering all the evidence presented, the Court adopts the recommendation by Pretrial Services of detention, and finds that the government has demonstrated by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Defendant, a 21-year old, is charged with being a felon in possession of a loaded gun. At the time of the charged offense, he was on state parole and had multiple restraining orders lodged against him, including by various members of his own family, including his mother and step-father. The government presented evidence that defendant is a validated gang member (although the Pretrial Services report identifies several different gangs) and defendant identifies by the moniker "Shotgun." He has 2010 criminal convictions for arson (misdemeanor) and threat with intent to terrorize (felony), in addition to a 2012 probation revocation (arising

from 2011 charges) and a lengthy record of law enforcement encounters, as a juvenile and adult, that resulted in arrests but not convictions. Government sought to detail 63 different law enforcement encounters by defendant, many of them involving acts of raw and random anger and violence. Significantly, defendant has a state parole hold in place (which expires December 17), and is on active state parole through May 5, 2015. The government also proffered that defendant had not been amenable to supervision while in custody and as a juvenile, citing to a 2008 escape. Pretrial Services reported that defendant has severe learning disabilities; completed the 10th grade; has been unemployed for at least the last two years; and is a marijuana user and has never been treated for substance abuse.

In mitigation, the defendant proffered that his mother was willing to act as his custodian, and his step-father was willing to move away to avoid any conflicts, even though they have restraining orders in place against the defendant. The defendant is a resident of San Francisco and the Court finds that any risks of non-appearance could be mitigated through a combination of release conditions.

Considering all the evidence, the Court orders the defendant DETAINED.

**PART V. DIRECTIONS REGARDING DETENTION**
The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 14, 2012

NATHANAEL COUSINS
United States Magistrate Judge

AUSA ___, ATTY _____, PTS ____

2